IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

URI FRIED,

               Plaintiff,                                     ORDER

    v.

                                                               09-cv-343-wmc

SURREY VACATION RESORTS, INC.
d/b/a "LEGAL RECOVERY SERVICES,"

               Defendant.

---

Plaintiff Uri Fried filed this civil action against defendant Surrey Vacation Resorts, Inc. d/b/a "Legal Recovery Services" for defaming Fried and for violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, 15 U.S.C. § 1601-1693. Both parties have filed motions for summary judgment. Dkts. ##31, 37. Both parties have also filed motions to strike portions of each others submissions. Dkts. ##61, 62. This order addresses only their motions to strike, both of which will be denied.

In its motion to strike, defendant seeks to strike plaintiff's cross-motion for partial summary judgment because it was untimely filed. Defendant filed its motion for summary judgment on March 29, 2010, the deadline for filing dispositive motions. Plaintiff combined his opposition to defendant's motion for summary judgment with his own summary judgment motion on April 19, 2010.

Under local practice, plaintiff's cross-motion was untimely as filed and the Seventh Circuit has explained that "[c]ourts cannot operate without setting and enforcing deadlines." *Gross v. Town of Cicero, Ill.*, 528 F.3d 498, 499-500 (7th Cir. 2008). On the other hand, this court may award summary judgment to a nonmoving party and briefing deadlines can be flexible depending on the circumstances. *Id.* at 500.

Rather than attempt to explain why he failed to file his motion until 21 days after the deadline, plaintiff seeks to strike the new affidavits and supplemental facts defendant included in its reply. Plaintiff correctly notes that the movant in a summary judgment motion cannot introduce new facts or arguments in its reply materials because allowing such new materials would prejudice the non-movant who would not be afforded an opportunity to respond to those materials. This "rule" finds support in the court's Procedure to be Followed on Motions for Summary Judgment, attached to the Preliminary Pretrial Conference Order, in which the movant is directed to include in its initial submissions "ALL factual propositions the moving party considers necessary for judgment in the party's favor" and where there is no mention of providing "supplemental facts" in the movant's reply materials. Dkt. #15 at 11-14. Further, it is the court's general practice not to consider arguments raised for the first time in a reply brief. *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("[T]he district court is entitled to find that an argument raised for the first time in a reply brief is forfeited."). On the other hand, defendant cannot be faulted for raising some new material in the face of plaintiff's now, affirmative motion for summary judgment.

While both parties' motions are therefore, well founded, technically each side maintains a right to summary judgment and, if correct, failing to consider all of the parties submissions may hinder, rather than facilitate, the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. Accordingly, instead of striking plaintiff's untimely cross-motion for summary judgment and defendant's new facts and arguments submitted in its reply materials, both parties submissions will be accepted. To avoid any prejudice that either filing might create for the opposing party, each party will have an

2

opportunity to file an additional submission. First, defendant will be given up to ten actual days to file any additional materials in opposition to plaintiff's cross-motion for summary judgment. Second, plaintiff will be given ten days to file any reply he wishes from actual service on his counsel of (a) defendant's new submissions; or (b) a written notice that defendant intends to make no further submission. Plaintiff is cautioned that the court will not consider any new material in its reply not directly responsive to issues and facts raised in defendant's response to plaintiff's cross-motion for summary judgment. Both parties are further cautioned that any requested extensions of these deadlines for further summary judgment submissions will be denied absent an extraordinary showing. Once plaintiff's reply is before the court, both parties' summary judgment motions will be taken under advisement.

ORDER

IT IS ORDERED that:

(1) Defendant's motion to strike plaintiff's motion for summary judgment (dkt. #61) is DENIED.

(2) Plaintiff's motion to strike defendant's newly submitted evidence and arguments (dkt. #62) is DENIED.

(3) Defendant may have until June 18, 2010, to submit additional materials, if any, in response to plaintiff's motion for summary judgment.

(4) Plaintiff may have ten (10) actual days to file his reply, if any, to defendant's response to his cross-motion for summary judgment.

Entered this 7th day of June, 2010.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge

3